UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN E. CARPENTER; and BECKY
CARPENTER,

                    Plaintiffs,

        v.

RONALD N. FAWCETT; CAROL
FAWCETT; and FIRST AMERICAN
TITLE INSURANCE COMPANY,

                    Defendants.

C23-1072 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge:

(1)    Defendant First American Title Insurance Company's ("First American")
motion to dismiss, docket no. 8, is GRANTED for the following reasons.

(a)    **Declaratory Relief and Quiet Title:**  First American argues that
"there is no basis for a declaratory judgment requiring it to reconvey" the deed of
trust because "Plaintiffs have admitted that First American has resigned as
trustee." Def.'s Mot. at 5 (docket no. 8).  According to First American, even if the
Court were to declare that First American had a duty to reconvey the deed of trust,
such declaration would be a nullity because any reconveyance would have to be
done by the current trustee. Id. at 5–6; Def.'s Reply at 3 (docket no. 16).
Although Plaintiffs allege that First American "is listed as the Trustee on the
Fawcett [deed of trust]," see Pls.' Compl. at ¶¶ 1.4, 2.27 (docket no. 1), Plaintiffs
also allege that First American resigned as trustee instead of adhering to its
obligation to reconvey the deed of trust to Plaintiffs, id. at ¶ 2.27.  Plaintiffs
further allege that First American executed a document reflecting its resignation

and recorded that document in Snohomish County.[1]  Id.  Because Plaintiffs' allegation that First American resigned as trustee appears to be inconsistent with the county records, Plaintiffs' Declaratory Relief and Quiet Title claim is dismissed without prejudice and with leave to amend.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (noting that plaintiffs can plead themselves out of a claim by alleging details contrary to their claim) (citations omitted), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001).

       **(b)**    **Consumer Protection Act:**  First American contends that Plaintiffs' cause of action for violation of the Washington Consumer Protection Act ("CPA") should be dismissed because the complaint lacks allegations that RCW 64.24.110's conditions for reconveyance have been met.[2]  Def.'s Mot. at 6; Def.'s Reply at 3–6.  Specifically, First American maintains that Plaintiffs have not alleged that their debt was satisfied such that they were entitled to reconveyance of the deed of trust.  Id.  The parties agree that, pursuant to RCW 61.24.110, Plaintiffs were required to satisfy their debt before requesting reconveyance of the deed of trust.  Def.'s Mot. at 6; see Pls.' Resp. at 12 (docket no. 15).  Plaintiffs allege that they executed an amended promissory note in the amount of $89,401.00 with the Fawcetts in late December 2007.  Pls.' Compl. at ¶ 2.22.  Plaintiffs further allege that they paid the Fawcetts $39,600.00 between December 2007 and June 2013 and then sought reconveyance of the deed of trust from the Fawcetts and from First American because Plaintiffs knew they had paid their

---

[1] Plaintiffs' allegation that First American resigned as trustee does not appear to be supported by Snohomish County records, which do not show the necessary filing, pursuant to RCW 64.24.010, to finalize resignation.

[2] First American also argues that Plaintiffs' CPA claim should be dismissed because (1) "the alleged violation of the [Deeds of Trust Act] in the complaint cannot serve as the basis for a CPA claim;" (2) Plaintiffs' CPA claim is time-barred by the statute of limitations; and (3) Plaintiffs are judicially estopped from pursuing their damage claim against First American because Plaintiffs failed to list any claim against First American during Plaintiffs' bankruptcy proceedings.  Def.'s Mot. at 7–8.  Plaintiffs' complaint does not allege facts that allows the Court to decide these issues as a matter of law.  As to the first argument, First American cites to no case that states the alleged violation of the Deeds of Trust Act cannot serve as a basis for a CPA claim.  As to the second argument, the parties agree that the statute of limitations for a CPA claim is four years, but Plaintiffs' complaint is not clear on the timing of events.  As to the third argument, First American correctly argues that, in general, "a plaintiff who fails to list a claim on their bankruptcy schedules and subsequently obtains a court order approving their Chapter 13 bankruptcy plan is judicially estopped from pursuing undisclosed claims existing at the time of the approval."  See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778 (9th Cir. 2001); Ah Quin v. Cnty. of Kauai Dep't of Transp., 733 F.3d 267 (9th Cir. 2013); In re Kelley, 199 B.R. 698 (B.A.P. 9th Cir. 1996).  Judicial estoppel issues are more appropriately resolved in connection with a motion for summary judgment, if necessary.

actual debt in full.[3]  Id. at ¶¶ 2.24, 2.26, 2.27, & 2.29.  Because Plaintiffs pleaded that they signed a promissory in the amount of $89,401.00 and paid only $39,600.00 towards that promissory note, Plaintiffs failed to allege that they paid off their debt.[4]  Thus, Plaintiffs' CPA claim is dismissed without prejudice and with leave to amend.

(2)    Plaintiffs shall file any amended complaint on or before March 4, 2024. Any answer or response is due within fourteen (14) days after the amended complaint is filed.  See Fed. R. Civ. P. 15(a)(3).

(3)    The parties are directed to file a Joint Status Report on or before March 13, 2024.

(4)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 12th day of February, 2024.


                                            Ravi Subramanian
                                            Clerk

                                            s/Laurie Cuaresma
                                            Deputy Clerk

---

[3] Plaintiffs also pleaded that they made other payments to the Fawcetts prior to December 2007. Pls.' Compl. at ¶¶ 2.15–2.21.  Nevertheless, Plaintiffs do not allege, and the record does not support a conclusion, that the payments related to the most recent promissory note executed in December 2007.

[4] In addition, although Plaintiffs allege that they requested reconveyance of the deed of trust from First American, Plaintiffs do not allege that they recorded a notarized declaration of payment and sent it to the beneficiary and trustee, which are also requirements for reconveyance under RCW 61.24.110.  See Smith v. First Am. Title Ins. Co., No. C11-2173, 2014 WL 2511621, at *2 n.1 (W.D. Wash. June 4, 2014).

MINUTE ORDER - 3