UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN E. CARPENTER; and BECKY CARPENTER,

          Plaintiffs,

    v.

RONALD N. FAWCETT; CAROL FAWCETT; and FIRST AMERICAN TITLE INSURANCE COMPANY,

          Defendants.

C23-1072 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge.

(1) Defendant First American Title Insurance Company's ("First American") motion to dismiss amended complaint,[1] docket no. 26, is GRANTED in part and DENIED in part for the following reasons:

    (a) **Declaratory Relief and Quiet Title:** First American argues that Plaintiffs' Declaratory Relief and Quiet Title claim should be dismissed because First American resigned as trustee.[2] Def.'s Mot. at 3–4 (docket no. 26). First American notes that its "resignation as trustee did not appear in the records of the county recorder" but maintains that "it has since been corrected and the resignation has been recorded." Id. at 3 (citing Ex. 2,

---

[1] Plaintiffs did not file a response to First American's motion to dismiss amended complaint.

[2] The Court previously dismissed Plaintiffs' Declaratory Relief and Quiet Title claim without prejudice and with leave to amend "[b]ecause Plaintiffs' allegation that First American resigned as trustee appear[ed] to be inconsistent with the county records." Minute Order at 2 (docket no. 19).

MINUTE ORDER - 1

Def.'s Request for Judicial Notice (docket no. 27).[3]  It is undisputed that First American recorded its resignation of trustee on March 22, 2024.  Ex. 2, Def.'s Request for Judicial Notice (docket no. 27 at 10–12).  "The resignation of the trustee shall become effective upon recording of the notice of resignation in each county in which the deed of trust is recorded."  RCW 61.24.010(2).  Because First American is no longer the trustee, the Court has no basis to enter an order of declaratory relief requiring First American to reconvey the deed of trust.  Thus, First American's motion to dismiss is GRANTED in part, and Plaintiffs' Declaratory Relief and Quiet Title claim is dismissed with prejudice and without leave to amend.

(b)     **Consumer Protection Act:**  First American argues that Plaintiffs' Washington Consumer Protection Act ("CPA") claim should be dismissed because Plaintiffs admit they did not pay off their debt, which is a requirement for reconveyance of a deed of trust.[4]  Def.'s Mot. at 4–7 (docket no. 26).  According to First American, "Plaintiffs allege First American violated the CPA by failing to reconvey the Deed of Trust even though Plaintiffs claim they paid off their underlying debt in 2013.  They claim the failure to reconvey violated the [Deed of Trust Act] and, thus, was unfair under the CPA."  Def.'s Mot. at 4 (docket no. 26) (citing Am. Compl. at ¶ 3.5).  Plaintiffs, however, allege that First American's "refusal to adhere to its duties to the Carpenters as a Trustee acting under the [Deed of Trust Act] is an unfair act, which is one of the elements of a CPA

---

[3] First American requests that the Court take judicial notice of the (1) deed of trust executed by Plaintiffs and recorded on February 15, 2002, and (2) Resignation of Deed of Trust recorded on March 22, 2024.  Def.'s Request for Judicial Notice (docket no. 27).  Plaintiffs refer to both documents in, and appear to attach both documents to, the amended complaint.  Exhibits for Am. Compl. (docket no. 25).  "Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that form the basis of plaintiff's claim and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6)."  Puget Soundkeeper All. v. Total Terminals Int'l, LLC, 371 F. Supp. 3d 857, 861 (W.D. Wash. 2019) (citation omitted).  The Court has considered the documents to the extent appropriate in deciding First American's motion to dismiss the amended complaint.

[4] The Court previously dismissed Plaintiffs' CPA claim "[b]ecause Plaintiffs pleaded that they signed a promissory note in the amount of $89,401.00 and paid only $39,600.00 towards that promissory note" and thus "Plaintiffs failed to allege that they paid off their debt."  Minute Order at 3 (docket no. 19).  The Court also noted that although Plaintiffs "pleaded that they made other payments to the Fawcetts prior to December 2007" in their initial complaint, Plaintiffs did not allege that those "payments related to the most recent promissory note executed in December 2007."  Id. at 3 n.3.  Plaintiffs now generally allege that their "expenditures . . . were supposed to be credited towards the purchase price to which the parties agreed."  Am. Compl. at ¶ 1.3.

MINUTE ORDER - 2

violation." Am. Compl. at ¶ 3.5.  Plaintiffs also allege that (1) the deed of trust erroneously stated that they owed $132,000.00 when the promissory note stated that Plaintiffs owed $80,000.00; (2) Plaintiffs contacted First American on several occasions to correct that error; and (3) they provided First American with proof that they were entitled to reconveyance of the deed of trust but First American failed to properly respond pursuant to its obligation as trustee.  Id. at ¶¶ 2.17, 2.18, 2.31, 2.33, & 2.34.

Plaintiffs have stated a CPA claim based on First American's alleged failure to adhere to its duties as a trustee.  See RCW 61.24.010(4) ("The trustee or successor trustee has a duty of good faith toward the borrower, beneficiary, and grantor."); see also Patrick v. Wells Fargo Bank, N.A., 196 Wn. App. 398, 412, 385 P.3d 165 (2016) (a breach by a trustee of its duty of good faith toward the borrower can support a claim for damages under the CPA); Lyons v. U.S. Bank Nat. Ass'n, 181 Wn.2d 775, 784–89, 336 P.3d 1142 (2014) (noting on a motion for summary judgment, where the plaintiff alleged that the trustee violated its duty of good faith, that there were material issues of fact as to whether the trustee investigated the status of the loan and acted impartially between the note holder and mortgagee).  Thus, First American's motion to dismiss Plaintiffs' CPA claim is DENIED.

(2)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 16th day of May, 2024.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 3